```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

NATHAN RAY DIAZ,

        Petitioner,

vs.                                   Case No. 2:13-cv-60-FtM-29UAM

FLORIDA ATTORNEY GENERAL and SECRETARY, DOC,

        Respondents.[1]
_____

## ORDER OF DISMISSAL

This matter come before the Court upon review of the "Petition for Writ of Habeas Corpus" filed pursuant to 28 U.S.C. § 2254 (Doc. #1) on January 30, 2013. The Petition does not contain any grounds for relief and instead under ground one requests that the Court

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." Id. at 436 (citations to other authorities omitted). Alternatively, the chief officer in charge of the state penal institution is also recognized as the proper named respondent. Rule 2(a), Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945). In Florida, the proper Respondent in this action is the Secretary of the Florida Department of Corrections. Thus, the Florida Attorney General will be dismissed from this action.

"stay and abey" the action. Petition at 5. On March 13, 2013, the Court entered an Order directing Respondent to file a response to the Motion. After being granted an enlargement of time, Respondent filed a Response (Doc. #11) opposing the Motion on June 3, 2013. Respondent also files exhibits (Doc. #12) consisting of Petitioner's state court judgment of conviction and collateral motions. This matter is ripe for review.

**I.**

Petitioner Nathan Diaz is serving a life sentence for burglary and robbery arising out of the Twentieth Judicial Circuit Court in Charlotte County, Florida (case number 07-707CF). Response at 1. As mentioned above, the Petition does not contain any grounds for relief. See Petition. Instead, under ground one, Petitioner requests that the Court "stay and abey" the Petition. Petitioner submits that he filed a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850 in the State court "on the last day remaining of his AEDPA time period." Id. at 5. Petitioner claims that he was "mislead to believe" that the one year statue of limitations under AEDPA commenced at the close of the two-year time frame for State postconviction relief. Id. at 6. Thus, Petitioner submits that if the Court does not stay this action, he will have no remaining time to file a § 2254 petition.

Respondent opposes the Motion and submits that it is premature. Response at 1. Respondent argues that the Motion is

premature because Petitioner did not file a proper habeas petition including the claims for relief and then request a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Id. at 1-2. Instead, Petitioner has only filed a motion to stay, which cannot be construed to be a federal habeas petition with judiciable claims. Id. at 2. The Court agrees with Respondent and will deny Petitioner's Motion.

**II.**

The Federal Rules of Civil Procedure may be applied when appropriate in habeas corpus actions to the extent they are not inconsistent with the Rules Governing § 2254 Cases. See Rule 11, Rules Governing § 2254 Cases; Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007)(stating Federal Rules of Civil Procedure apply to habeas proceedings, to the extent they are not inconsistent with the statutes that govern habeas proceedings). Under Fed. R. Civ. P. 3, a civil action is commenced by the filing of a Complaint, not a motion. Likewise, a habeas corpus action is commenced by the filing of a petition, not a motion. Thus, this action is subject to dismissal, without prejudice, under Fed. R. Civ. P. 3. The Court must, nevertheless, address Petitioner's Motion, considering Petitioner claims if the Court does not issue a stay, then the statute of limitations will preclude him from filing a future § 2254 petition.

To address potential time-barred problems, the district court has discretion to stay a habeas action pending resolution of state post-conviction proceedings. Rhines v. Weber, 544 U.S. 269 (2005); see also Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007)(finding that since Rhines, when a district court is confronted with a mixed petition, the ordinary disposition is to either dismiss the petition in its entirety, or grant a stay and abeyance). In Rhines, the Supreme Court approved the use of a "stay and abeyance" procedure in certain instances. However, a stay and abeyance is available only if: (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78. The Supreme Court cautioned that a stay and abeyance should be available only in limited circumstances. Id. at 277 (emphasis added). Further, as noted by the Supreme Court, "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings."[2] Id.

---

[2] And, in the event that the district stays a petition, "the district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-278.

The Court finds a stay and abeyance is not appropriate here. Neither the factual basis, nor the purpose supporting the stay and abeyance procedure approved by Rhines is present. The Court is not faced with a mixed petition. Petitioner initiated the action by filing a Motion, not a Petition raising any grounds for relief. Thus, the Court cannot decipher whether Petitioner even has any claims of potential merit. The purpose of granting a stay is to allow a petitioner to exhaust his unexhausted claims without risk of losing federal review of those claims. This is not the situation before the Court.[3] Thus, the Court denies Petitioner's Motion.

ACCORDINGLY, it is hereby

**ORDERED:**

---

[3] Petitioner states the order denying his direct appeal was issued February 12, 2010. Petition at 5. Under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. Bond v. Moore, 309 F.3d 770 (11th Cir. 2002). United States Supreme Court Rule 13(3) provides that the time to petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance of mandate. Thus, Petitioner had until May 13, 2011 to file a postconviction motion. A review of the docket in the State court reveals that Petitioner's Rule 3.850 motion was "docketed" on May 18, 2011. See also Respondent Exh. 10. The Court cannot decipher when Petitioner signed the 3.850 motion because Petitioner did not sign and date it. However, the postage date stamp on the envelope used to mail the Rule 3.850 motion reveals it was mailed on May 16, 2011. Respondent Exh. 10. Using the May 16, 2011 date to calculate the statute of limitations under 2244(d), Petitioner would be precluded from filing a federal habeas corpus petition because the AEDPA time period expired before Petitioner filed his Rule 3.850 motion. Thus, irrespective of the instant Motion, a section 2254 Petition would be time-barred, absent equitable tolling.

1.  The Florida Attorney General is **DISMISSED** as a named Respondent.

2.  The motion to stay (Doc. #1) is **DENIED**.

3.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __23rd__ day of December, 2013.

*John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: ALJ
Copies: All Parties of Record